UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NOORUDIN HANIF, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC NORTHEAST TRANSPORT, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 16-1776 <br><br> **AMENDED OPINION** |

**CECCHI, District Judge.**

Before the Court is the motion of Plaintiffs Noorudin Hanif, Mario Hernandez, Ibrahim Farhan, Edgardo Gereno, and Victor Garcia ("Plaintiffs") for default judgment against Defendants Atlantic Northeast Transport, Inc. ("ANE") and Matthew Jenove (collectively, "Defendants")[1] pursuant to Fed. R. Civ. P. 55(b)(2), ECF No. 9, and the cross-motion of Defendants to set aside this Court's July 22, 2016 entry of default. ECF No. 17. Jurisdiction is proper pursuant to 49 U.S.C. §§ 14101, 14102, 14704(a), 28 U.S.C. § 1331, and 29 U.S.C. § 1367. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78.

I. **BACKGROUND**

On March 30, 2016, Plaintiffs filed the instant action. ECF No. 1. On April 15, 2016, Plaintiffs filed an Amended Complaint against Defendants asserting violations of Truth-in-Leasing ("TIL") regulations, 49 C.F.R. Part 376, enforceable by the Motor Carrier Act ("MCA"), 49 U.S.C. §§ 13901-2, 14102 (Count One), and, in the alternative, breach of contract (Count Two),

---

[1] The Court notes that Alfred Kashinsky, a named defendant in this action, was not included in or party to the instant motions.

as well as violations of the fraud provisions of the New Jersey Worker's Compensation Law ("WCL"), N.J.S.A. 34: 15-1 *et seq.*, specifically N.J.S.A. 34: 15-57.4, the Wage Payment Law ("WPL"), N.J.S.A. 34:11-4.1 *et seq.* (Counts Three and Four), and conversion (Count Five). ECF No. 3. Matthew Jenove and ANE, by authorized agent, were served on June 20, 2016. ECF Nos. 4 and 5. On July 21, 2016, Plaintiffs requested entry of default against Defendants, and default was entered on July 22, 2016. ECF No. 6. On November 10, 2016, Plaintiffs moved for default judgment against Defendants. ECF No. 9. On February 21, 2017, Defendants opposed Plaintiffs' motion for default judgment and moved to set aside the entry of default. ECF No. 17. Plaintiffs opposed. ECF No. 17.

## II. <u>LEGAL STANDARD</u>

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause[.]" Fed R. Civ. P. 55(c). The Third Circuit has indicated that the standard for setting aside a default is less stringent than for setting aside a default judgment. <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). While the decision "to set aside an entry of default is left to the discretion of the district court," default is disfavored and "doubtful cases [must] be resolved in favor of the moving party so that the cases may be decided on the merits." <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194–95 (3d Cir. 1984) (internal quotations omitted). In exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c), the Court considers the following factors: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious

2

defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

Fed. R. Civ. P. 55(b)(2) governs the Court's entry of default judgment. Default judgment is generally disfavored because it prevents resolution of a plaintiff's claims on the merits. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). A district court must balance six factors to determine the propriety of entering a default judgment: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir.1992).

### III. DISCUSSION

Although Plaintiffs point to delay, they have not demonstrated prejudice sufficient to preclude setting aside an entry of default. ECF No. 18. Moreover, setting aside entry of default would not hinder Plaintiffs' ability to pursue Plaintiffs' claims. See Feliciano, 691 F.2d at 657 (Prejudice arises where setting aside entry of default impairs plaintiff's ability to pursue the claim.). Plaintiffs' allegations are based upon Independent Contractor Services Agreements

("Agreements")[2] and compensation statements that have been preserved as attachments to Plaintiffs' Amended Complaint.[3] ECF No. 3 at 8. Accordingly, the first factor weighs in favor of setting aside the entry of default.

Defendants have demonstrated defenses that appear to be meritorious, weighing in favor of setting aside the entry of default. The Court "need not decide the legal issue at this time; it is sufficient that a proffered defense is not 'facially unmeritorious.'" Emcasco Ins. Co., 834 F.2d at 74. Plaintiffs claim violations of TIL and breach of contract (Counts One and Two) for unpaid fuel surcharges and deductions on insurance premiums in contravention of the Agreements. However, the percentage of fuel surcharges that Defendants would pay Plaintiffs is not within the four corners of the Agreements, but rather "incorporate[d]" into the Agreement. ECF No. 3 at 10. Defendants aver that the Agreement anticipated chargebacks for insurance premiums, because a clause in the Agreements states that Defendants would issue chargebacks to Plaintiffs for increases in Defendants' insurance coverage if Plaintiffs did not provide insurance coverage. ECF No. 1-1 at 5. The terms of the alleged modification and the insurance chargeback clause provide defenses to Counts One and Two that are not facially unmeritorious. State law claims under the WPL and WCL (Counts Three and Four) apply to employees. The Agreements identify each plaintiff as an independent contractor rather than an employee, ECF No. 1-1 at 4, providing a defense to Counts Three and Four that is not facially unmeritorious. Plaintiffs' conversion claim states that Matthew

---

[2] Plaintiffs refer to the Agreements as "Defendants' Form Lease" in the papers. ECF No. 3 at 6. Each Agreement, as attached to Plaintiffs' Amended Complaint, is titled "Independent Contractor Service Agreement."

[3] While only one Agreement is attached, Plaintiffs affirm that the Agreement is an exemplar of the standard form lease, and is similar in content to those entered into with each plaintiff. While only two compensation statements have been attached, Plaintiffs state that these are indicative of others issued by Defendants to Plaintiffs.

4

Jenove made deductions from Plaintiffs' gross pay constituting conversion. Defendants assert that the compensation and deductions were determined by the Agreements and ongoing business relationship with Plaintiffs as independent contractors. ECF No. 17-1 at 14. Defendants argue that Plaintiffs failed to establish Defendants exercised control over anything belonging to Plaintiffs. Id. Setting aside an entry of default is guided by a liberal standard. Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) ("[A] standard of liberality should be applied in considering a motion to set aside a default[.]"). Accordingly, overall the second factor militates in favor of setting aside the entry of default.

Defendants assert that entry of default was not the result of Defendants' culpable conduct. Conduct resulting in entry of default must have been willful or in bad faith to constitute culpable conduct. Feliciano, 691 F.2d at 657. Here, Defendants do not contest proper service and receipt of the summons and a copy of the complaint on June 20, 2016. ECF Nos. 17-3 and 17-4 at 2. Defendants allege that they did not receive a call or correspondence from Plaintiffs regarding the instant action again until December 11, 2016. ECF No. 17-3 at 2. Plaintiffs' motion for default judgment was served in or around January 13, 2017. ECF No. 11. Defendants filed a notice of appearance on January 24, 2017. ECF No. 12.

Plaintiffs challenge that Defendants' delay was willful by directing the Court's attention to concurrent and related litigation. In separate litigation, the National Labor Relations Board ("NLRB") instituted an action on July 21, 2016 "essentially alleging that [ANE's] discharge of Plaintiff Hanif for bringing [the instant] action violated the National Labor Relations Act." ECF Nos. 18 at 11 and 18-1 at 3. On March 8, 2017, the Third Circuit ordered ANE to cease and desist from threatening employees by conditioning their employment on withdrawing a lawsuit and to fully reinstate Plaintiff Nooruddin Hanif. ECF No. 22. Defendants assert that arguments premised

on the Third Circuit action should be discredited as unrelated to the instant action, the receipt of documents, and as failing to negate Defendants' misunderstanding about the legal process. ECF No. 21. While compelling, the Third Circuit action is a separate lawsuit and the Court will not rely upon it for a finding of bad faith. Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995) (Motions to set aside entry of default for good cause are construed liberally in favor of the movant.).

Defendants take full responsibility for the error of failing to respond from June 20, 2016 until filing a notice of appearance on January 24, 2017. ECF Nos. 4, 5, 21-1, and 21-2. Matthew Jenove accepted service on behalf of himself and ANE. ECF Nos. 4 and 5. Having never been party to a civil lawsuit and not having legal representation at the time, Defendants claim misunderstanding of the legal process. ECF Nos. 17-1 at 9, 21-1 at 2, and 21-2 at 2. Defendants allegedly expected to receive notice of a court date. Id. Defendants also allege oversight. ECF No. 17-1 at 9. Shortly after being served, Matthew Jenove, ANE's former vice president, left ANE and obtained a position at another company. ECF No. 21-1 at 1. ANE was short-staffed at the time and the vice president position went unfilled, causing an organizational change impacting ANE's operations. ECF No. 21-2 at 1. ANE's president[4] was experiencing health issues during this period. ECF No. 21-2 at 1. Based upon these circumstances, the Court does not find that Defendants' conduct was culpable. Accordingly, the third factor weighs in favor of setting aside the entry of default.

The fourth factor to consider is the effectiveness of alternative sanctions. Plaintiffs argue

---

[4] Alfred Kashinsky was ANE's president at the time of service, and is a co-defendant in the instant action, though default has not been entered against him and he is not party to the present motions. ECF Nos. 6 and 21-2.

that entry of default should not be set aside, but in the alternative, sanctions requiring Defendants to pay Plaintiffs' fees on this motion are appropriate. However, the first three factors counsel in favor of setting aside entry of default, rendering consideration of alternative sanctions unnecessary. Accordingly, the Court refrains from imposing alternative sanctions.

The Court turns to Plaintiffs' motion for default judgment. Having considered the weight of the factors, well-established precedent resolving doubt in favor of the movant, and liberality afforded to setting aside entry of default rather than default judgment, the Court grants Defendants' motion to set aside default. Therefore, Plaintiffs' motion for default judgment is rendered moot. To the extent Plaintiffs seek sanctions, the Court refrains from imposing sanctions at this time. Accordingly, Plaintiffs' motion for default judgment is denied.

## IV. CONCLUSION

For all the foregoing reasons and in the interest of justice and for good cause shown, the Court denies Plaintiffs' motion for default judgment and grants Defendants' motion to set aside the entry of default against Plaintiffs. An appropriate Order accompanies this Opinion.

Dated: June 30, 2018

**CLAIRE C. CECCHI, U.S.D.J.**